Judge Berman

08 CV 5147

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FRESH TO DEATH, LLC,

                                    Plaintiff,

        - against -

SHYANG HO FOOTWEAR LTD.,
                                    Defendant.
------------------------------------------------------------------x



Civil Action No.

RECEIVED
JUN 04 2008
U.S.D.C. S.D. N.Y.
CASHIERS

NOTICE OF REMOVAL
OF CIVIL ACTION

        Defendant Shyang Ho Footwear Ltd., ("Shyang Ho"), by and through its undersigned

attorneys Fensterstock & Partners LLP, and pursuant to 28 U.S.C. § 1441 *et seq.*, hereby gives

notice of removal to the United States District Court for the Southern District of New York of an

action entitled *Fresh to Death, LLC, v. Shyang Ho Footwear Ltd*, Index No. 07/604022, filed by

the Plaintiff in the Supreme Court of the State of New York, County of New York (the "State

Court Action").  As grounds for removal, Shyang Ho states the following:

        1.      Upon information and belief, at the time the Complaint was filed and at present,

Fresh to Death, LLC ("Fresh to Death") is a corporation incorporated under the laws of the State

of New York and having its principal office for its business located at 530 Seventh Avenue, New

York, New York, 10018.  At the time the Complaint was filed Shyang Ho was, and still is, a

Taiwan manufacturing company organized under the laws of the Republic of China and

maintains its principal office for its business at 741 Shuangwun Road, Dali City, Taichung

County 412, Taiwan, Republic of China.

        2.      Fresh to Death filed the State Court Action identified above in the Supreme Court

of the State of New York, on or about December 7, 2007, naming Shyang Ho as the sole

defendant.  Shayng Ho was served with the Complaint on May 5, 2008.  Fresh to Death seeks

judgment in the amount in excess of $329,000 together with interest, costs, and attorneys fees for damages from Defendant's alleged breach of contract. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A hereto is a copy of all process, pleadings, and orders received by Defendant in the State Court Action and a copy of all records and proceedings in the state court as required by Local Rule 81.1(b).

3.    This Court has subject matter and original jurisdiction based on diversity of citizenship, within the meaning of 28 U.S.C. §§ 1332 and 1441(a)-(b), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because the action is between a citizen of New York and a citizen or subject of a foreign state. As specified above, Fresh to Death is incorporated in and has its principal place of business in the State of New York while Shyang Ho is a company organized under the laws of the Republic of China, and has its principal place of business in Taiwan. Shyang Ho is the only defendant in this action.

4.    This notice of removal is being filed within 30 days of receipt by Shyang Ho, on May 5, 2008, of a copy of the initial pleading setting forth the claim for relief upon which the action is based, within the meaning of 28 U.S.C. § 1446(b).

5.    Pursuant to 28 U.S.C. § 1146(d), Shayng Ho will cause copies of this notice of removal to be served on Plaintiff and filed with the clerk of the Supreme Court of the State of New York, County of New York.

WHEREFORE, Shyang Ho hereby removes the action now pending against it in the Supreme Court of the State of New York, County of New York, Index No. 07/604022, to the United States District Court for the Southern District of New York.

Dated: New York, New York
      June 4, 2008

                                              FENSTERSTOCK & PARTNERS LLP

                        By:                                  
                                      Blair C. Fensterstock (BF-2020)

                                    30 Wall Street
                                    New York, New York 10005
                                    (212) 785-4100

                                    *Attorneys for Defendant*
                                    *Shyang Ho Footwear Co, LTD*

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant hereby certifies under penalty of perjury that a true and correct copy of the foregoing **NOTICE OF FILING and NOTICE OF REMOVAL** was served via United Parcel Service (UPS) this 4th day of June, 2008, upon:

Martin S. Rapaport, Esq.
18 East 48th Street
New York, NY 10017

Dated: June 4, 2008

_____
Blair C. Fensterstock

# EXHIBIT A

H 145—Summons with notice: Blank Court: 1-78

JULIUS BLUMBERG, INC.,
PUBLISHER, NYC 10013

SUPREME **Court**
**County of** NEW YORK    **State of New York**

FRESH TO DEATH, LLC,

*Plaintiff*

*vs.*

SHYANG HO FOOTWEAR LTD.,

*Defendant*

*Index No.*

07604022

**Summons**
**With**
**Notice**

**To the above named Defendant**

**You Are Hereby Summoned** *to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney(s) within* 30 *days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.*

 *Plaintiff designates* NEW YORK *County as the place of trial.*

 *The basis of the venue is* Plaintiff's business office in New York County

 *Plaintiff resides at* 530 Seventh Avenue, New York, New York 10018

   *County of* New York

 **Please take further notice that:**

*The nature of the action is* Action For Damages From Breach Of Contract By Defendant

*The relief sought is* Damages as set forth in the attached Verified Complaint

*Upon your failure to appear, judgment will be taken against you by default for a sum*
in excess *of* $ 329,000.00 *with interest from* August 1, 2007 19 *together with costs and disbursements of this action.*

*Dated* December 1, 2007



MARTIN S. RAPAPORT, ESQ.

*Attorney(s) for Plaintiff*

*Office and Post Office Address*
18 East 48th Street
New York, New York 10017
(212) 688-1980

FILED
DEC 07 2007
NEW YORK
COUNTY CLERKS OFFICE

Supreme Court Records OnLine Library - page 1 of 8

SUPREME COURT FOR THE STATE OF NEW YORK
NEW YORK COUNTY
-------------------------------------------------------------------x

FRESH TO DEATH, LLC,                                    Index No.

              PLAINTIFF,

-AGAINST-                                               **VERIFIED COMPLAINT**

SHYANG HO FOOTWEAR LTD.,

              DEFENDANT.

-------------------------------------------------------------------x

      The Plaintiff, Fresh To Death, LLC, by its attorney Martin S. Rapaport, Esq. respectfully alleges as and for its complaint:

      1. At all times relevant hereto the Plaintiff Fresh To Death, LLC ("Fresh LLC") was a corporation formed under the laws of the State of New York and maintaining an office for business at 530 Seventh Avenue, New York, New York 10018.

      2. At all time relevant hereto, Fresh LLC has been and is in the business of producing and distributing footwear and clothing throughout the United States and abroad.

      3. Upon information and belief, at all times relevant hereto, the Defendant Shyang Ho Footwear Ltd.("Shyang Ho Ltd."), is a corporation formed pursuant to the laws of the Republic Of China and maintains an office for its business at 741 Shuangwun Road, Dali City, Taichung County 412, Taiwan, Republic Of China.

      4. Upon information and belief, at all times relevant hereto, Shyang Ho Ltd. has been and is in the business of manufacturing, fabricating and producing footwear of various kinds at factories either in Taiwan, Republic Of China or in mainland China.

5. On or about February 23, 2007, Fresh LLC placed an order with Shyang Ho Ltd. for the manufacture of 1816 units of sneakers known as "Royal Court Bomb Pop Prokeds" (Style PM200) which Shyang Ho Ltd. agreed to manufacture at its factory in Pin-Chou Town, Nan-Hai Cntry Guang Dong Province, China for the price of $28,529.36; all of which were thereafter to be shipped to Fresh LLC in the United States to be sold in New York and other states.

6. On or about March 5, 2007, Fresh LLC placed an order with Shyang Ho Ltd. for the manufacture of 2700 units of sneakers known as "Royal Court Bomb Pop Prokeds" (Style PM200) which Shyang Ho Ltd. agreed to manufacture at its factory in Pin-Chou Town, Nan-Hai Cntry Guang Dong Province, China for the price of $42,417.00.; all of which were thereafter to be shipped to Fresh LLC in the United States to be sold in New York and other states.

7. On or about March 8, 2007, Fresh LLC placed an order with Shyang Ho Ltd. for the manufacture of 1800 units of sneakers known as "Royal Court Bomb Pop Prokeds" (Style PM 250) which Shyang Ho Ltd. agreed to manufacture at its factory in Pin-Chou Town, Nan-Hai Cntry Guang Dong Province, China for the price of $28,278.00; all of which were thereafter to be shipped to Fresh LLC in the United States to be sold in New York and other states.

8. On or about March 13, 2007, Fresh LLC place an order with Shyang Ho Ltd. for the manufacture of 2412 units of sneakers known as "Royal Court Bomb Pop Prokeds" (Style PM250) which Shyang Ho Ltd. agreed to manufacture at its factory in Pin-Chou Town, Nan-Hai Cntry Guang Dong Province, China for the price of $37,892.52; all of which were thereafter to be shipped to Fresh LLC in the United States to be sold in New York and other states.

9. On or about March 13, 2007, Fresh LLC placed an order with Shyang Ho Ltd. for the manufacture of 1800 units of sneakers known as "Royal Court Bomb Pop Prokeds" (Style PM250) which Shyang Ho Ltd. agreed to manufacture at its factory in Pin-Chou Town, Nan-Hai

Cntry Guang Dong Province, China for the price of $28,278.00; all of which were thereafter to be shipped to the United States to be sold in New York and other states.

10. On or about May 7, 2007, Fresh LLC placed an order with Shyang Ho Ltd. for the manufacture of 1784 units of sneaker product known as "Royal Court Bomb Pop Prokeds" (Style PM200) which Shyang Ho Ltd. agreed to manufacture at its factory in Pin-Chou Town, Nan-Hai Cntry Guang Dong Province, China for the price of $28,026.64; all of which were thereafter to be shipped to the United States to be sold in New York and other states.

11. The design and specifications for the aforesaid sneaker products which Shyang Ho Ltd. undertook and agreed to produce were conveyed by Fresh LLC to Shyang Ho Ltd. and Shyang Ho Ltd. represented that the finished product would match the said design and specifications. Shyang Ho Ltd., moreover, agreed that the said sneakers would be manufactured and shipped according to the schedule agreed between Fresh LLC and Shyang Ho Ltd. in order that the said sneakers could be pre-sold to Fresh LLC's customers.

12. It was further understood and agreed that Shyang Ho Ltd. would furnish Fresh LLC with pre-production sample or prototype sneakers for the approval of Fresh LLC and subsequently furnish Fresh LLC with early production run samples for the specific purpose of allowing Fresh LLC to sell as much of the ordered sneakers as possible to Fresh LLC's customers in New York and other states.

13. The pre-production sneaker samples and the early production run samples supplied by Shyang Ho Ltd. to Fresh LLC were in conformity with the design and specifications for such products.

14. Upon delivery of the said early production run samples supplied by Shyang Ho Ltd., Fresh LLC pre-sold the entire stock of sneakers to be produced and supplied by Shyang Ho Ltd

to its customers.

15. But when the full order of sneakers manufactured and packed for shipment by Shyang Ho Ltd. was delivered in the United States, it was discovered that large numbers of the said sneakers did not conform to the design and specifications which Shyang Ho Ltd. had agreed to produce and which the prototypes and selling samples supplied by Shyang Ho Ltd. had embodied.

16. In particular, a large number of the sneakers which had been manufactured and shipped by Shyang Ho Ltd. were defective in their coloring and could not be used to fulfill orders from customers previously obtained by Fresh LLC based upon the selling samples which had the correct coloring.

17. Some of the said sneakers with the wrong coloring had, by pre-arrangement, been directly shipped to customers of Fresh, LLC and these were now returned by unhappy customers.

18. The failure of Shyang Ho Ltd. to manufacture the said sneakers according to agreed and approved design and specifications constituted a material breach of the agreement by which Shyang Ho Ltd. agreed to manufacture and ship and Fresh LLC agreed to purchase the said sneakers, all as represented by the aforesaid purchase orders.

19. As a result of said contract breach by Shyang Ho Ltd., Fresh LLC suffered damages including, inter alia, the cost of ocean transport and insurance for goods it could not sell; the import duties payable on goods it could not sell; frieght costs for returns and re-shipments; unnecessary warehousing costs, re-packing costs and loss of profit on goods it could not sell.

20. The total damages suffered by Fresh, LLC as a result of the breach by Shyang Ho Ltd. of the said agreement between the parties is in excess of $329,000.00.

21. Shyang Ho Ltd. is liable to Fresh LLC for any and all loss which Fresh LLC sustained as a result of the breach by Shyang Ho Ltd. of the said agreement between the parties.

WHEREFORE, it is prayed that judgment be entered in favor of the Plaintiff Fresh To Death LLC and against the Defendant Shyang Ho Footwear, Ltd. in an amount in excess of $329,000.00 together with the costs of this action and interest at the legal rate to run from August 1, 2007.

Martin S. Rapaport, Esq.
Attorney for Plaintiff
18 East 48th Street
New York, New York 10017
212-688-1980
By: _____

# VERIFICATION

STATE OF NEW YORK    )
                     ) .ss:
NEW YORK COUNTY      )

Tom Nastos, being duly sworn, deposes and says:

1. Your Affiant is an officer of Fresh To Death, LLC, the Plaintiff in the above captioned action.

2. Your Affiant has read the above complaint and the allegations made therein are true except for those made upon information and belief which your Affiant believes to be true.

Sworn to before me this 29th day

of November, 2007

TOM NASTOS

Notary Public, State of New York
No. 02RA6038253
Qualified in New York County
Commission Expires 3-06-2010

SUPREME COURT FOR THE STATE OF NEW YORK
NEW YORK COUNTY

FRESH TO DEATH, LLC,

PLAINTIFF,

—AGAINST—

SHYANG HO FOOTWEAR LTD.,

DEFENDANTS.

SUMMONS WITH NOTICE
VERIFIED COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath

**Martin S. Rapaport**
*Attorney for* PLAINTIFF
*Office and Post Office Address, Telephone*
6th Floor
18 East 48th Street
New York, New York 10017
(212) 688-1960

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

**Martin S. Rapaport**
*Attorney for*
*Office and Post Office Address*
6th Floor
18 East 48th Street
New York, New York 10017

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at

on
at          M.

Dated,

Yours, etc.

**Martin S. Rapaport**
*Office and Post Office Address*
6th Floor
18 East 48th Street
New York, New York 10017

To

Attorney(s) for

REQUEST FOR JUDICIAL INTERVENTION                                    UCS-840(REV 1/200?

SUPREME _____ COURT,    NEW YORK ____ COUNTY

INDEX NO. 604022 ·        DATE PURCHASED: 12/7/07

002050

PLAINTIFF(S):            003384

    FRESH TO DEATH, LLC,

DEFENDANT(S):

    SHYANG HO FOOTWEAR LTD.

| For Clerk Only |
| --- |
| IAS entry date |
| Judge Assigned |
| RJI Date |

Date issue joined: _____ Bill of particulars served (Y/N):  [ ]Yes      [ ]No

NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information) ··

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of
    readiness

[ ] Notice of motion (return date:_____)
    Relief sought _____

[ ] Order to show cause
    (clerk enter return date:_____)
    Relief sought_____

[ ] Other ex parte application (specify:
    Letters Rogatory; Extension Of Time To Effect Service

[ ] Notice of petition (return date:_____)
    Relief sought _____

[ ] Notice of medical or dental malpractice
    action (specify:_____)

[ ] Statement of net worth

[ ] Writ of habeas corpus

[ ] Other (specify:_____)

NATURE OF ACTION OR PROCEEDING (Check ONE box only)

**MATRIMONIAL**
[ ] Contested                          -CM
[ ] Uncontested                        -UM

**COMMERCIAL**
[X] Contract                           -CONT
[ ] Corporate                          -CORP
[ ] Insurance (where insurer is a
    party, except arbitration)         -INS
[ ] UCC (including sales, negotiable
    instruments)                        -UCC
[ ] *Other Commercial                  -OC
    _____

**REAL PROPERTY**
[ ] Tax Certiorari                     -TAX
[ ] Foreclosure                        -FOR
[ ] Condemnation                       -COND
[ ] Landlord/Tenant                    -LT
[ ] *Other Real Property               -ORP
    _____

**OTHER MATTERS**
[ ] *                                  -OTH
    _____

**TORTS**
Malpractice
[ ] Medical/Podiatric                  -MM
[ ] Dental                             -DM
[ ] *Other Professional                -OPM
    _____
·[ ] Motor Vehicle                     -MV
[ ] *Products Liability                -PL
    _____
[ ] Environmental                      -EN
[ ] Asbestos                           -ASB
[ ] Breast Implant                     -BI
[ ] *Other Negligence                  -OTN
    _____
[ ] *Other Tort (including
    intentional)                        -OT

**SPECIAL PROCEEDINGS**
[ ] Art. 75 (Arbitration)             -ART75
[ ] Art. 77 (Trusts)                  -ART77
[ ] Art. 78                            -ART78
[ ] Election Law                       -ELEC
[ ] Guardianship (MHL Art. 81)         -GUARD81
[ ] *Other Mental Hygiene              -MHYG
    _____
[ ] *Other Special Proceeding          -OSP

* If asterisk used, please specify.

Supreme Court Records OnLine Library - page 1 of 2

**Check "YES" or "NO" for each of the following questions:**

Is this action/proceeding against a

| YES | NO | | YES | NO | |
|-----|-----|-----|-----|-----|-----|
| [ ] | [X] | Municipality:_____) | [ ] | [X] | Public Authority:_____) |
| | | (Specify | | | (Specify |

| YES | NO | |
|-----|-----|-----|
| [ ] | [X] | Does this action/proceeding seek equitable relief? |
| [ ] | [X] | Does this action/proceeding seek recovery for personal injury? |
| [ ] | [X] | Does this action/proceeding seek recovery for property damage? |

**Pre-Note Time Frames:**
(This applies to all cases except contested matrimonial and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

☐ Expedited: 0-8 months    ☒ Standard: 9-12 months    ☐ Complex: 13-15 months

**Contested Matrimonial Cases Only:** (Check and give date)

Has summons been served?    ☐ No    ☐ Yes, Date_____

Was a Notice of No Necessity filed?    ☐ No    ☐ Yes, Date_____

**ATTORNEY(S) FOR PLAINTIFF(S):**

| Self Rep. * | Name | Address | Phone # |
|-------------|------|---------|---------|
| ☐ | MARTIN S. RAPAPORT, ESQ. | 18 East 48th Street New York, New York 10017 | 212-688-1980 |
| ☐ | | | |

**ATTORNEY(S) FOR DEFENDANT(S):**

| Self Rep. * | Name | Address | Phone # |
|-------------|------|---------|---------|
| ☐ | UNKNOWN | | |
| ☐ | | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self" Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

**INSURANCE CARRIERS:**

Unknown As Yet

**RELATED CASES:** (IF NONE, write "NONE" below)

| Title | Index # | Court | Nature of Relationship |
|-------|---------|-------|------------------------|

None

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 2/7/08

_Martin S. Rapaport_
(SIGNATURE)
MARTIN S. RAPAPORT, ESQ.

(PRINT OR TYPE NAME)
PLAINTIFF
ATTORNEY FOR

ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

\forms\rji2000.wpd

**SUPREME COURT FOR THE STATE OF NEW YORK**
**NEW YORK COUNTY**

FRESH TO DEATH, LLC,

PLAINTIFF 003384

-AGAINST-

SHYANG HO FOOTWEAR LTD.,                002050

DEFENDANT.

Index No. 604022/07

**REQUEST FOR
INTERNATIONAL
JUDICIAL ASSISTANCE
(LETTER ROGATORY)**

**To the Appropriate Judicial Authority in Taiwan:**

The Supreme Court for the State of New York, County of New York presents its

compliments to the Appropriate Judicial Authority in Taiwan, and respectfully requests

international judicial assistance to effect service of process in connection with a civil proceeding

currently pending before this Court.

**NATURE AND PURPOSE OF THE PROCEEDINGS**

In its Verified Complaint, Plaintiff Fresh to Death, LLC alleges breach of contract against

Defendant Shyang Ho Footwear Ltd. ("Shyang Ho") after Defendant allegedly provided

defective sneakers to Plaintiff.  Plaintiff alleges that in or about the Spring of 2007 it placed

multiple orders with Defendant for hundreds of pairs of sneakers.  Plaintiff alleges that

Defendant Shyang Ho failed to manufacture said sneakers according to agreed and approved

design and specifications which Shyang Ho had agreed to produce and which the prototypes and

selling samples supplied by Shyang Ho had embodied.

Plaintiff is seeking damages in excess of $329,000 plus costs and interest.

It has been represented to this Court that the Defendant is a corporation organized and existing under the laws of Taiwan, with its principal place of business at:

**SHYANG HO FOOTWEAR LTD.**
**741 Shuangwun Road**
**Dali City**
**Taichung County 412**
**Taiwan**

## ASSISTANCE REQUESTED

This Court respectfully requests that the Taiwanese judicial authorities:

1. Cause one copy of the *Summons with Notice* and *Verified Complaint* annexed hereto to be served upon Defendant Shyang Ho Footwear Ltd. at the above address in the manner prescribed for the service of similar documents under the laws of Taiwan;

2. Cause the person who serves the documents upon an officer of Shyang Ho Footwear Ltd. to execute an affidavit of service as provided by Taiwanese law;

3. Return through diplomatic channels to Plaintiff's counsel the affidavit of service and a copy of the documents which were served.

The courts of the United States are authorized by statute, Section 1696, Title 28, United States Code, to extend similar assistance to the Tribunals of Taiwan in like cases.

This Court extends to the judicial authorities of Taiwan the assurances of its highest consideration.

Respectfully Requested,

Dated: ~~February~~ March 6 , 2008

_____

The Honorable *Helen E. Freedman*
New York State Supreme Court Judge,
County of New York
60 Centre Street
New York, New York  10007-1474
United States of America
Tel.: +1.646.386.5955

(SEAL OF SUPREME COURT FOR THE STATE OF NEW YORK, NEW YORK COUNTY)

Attachments:
- *Summons with Notice,* in English and in Chinese, in duplicate
- *Verified Complaint,* in English and in Chinese, in duplicate

SUPREME COURT FOR THE STATE OF NEW YORK
NEW YORK COUNTY
------------------------------------------------------------x

FRESH TO DEATH, LLC,                              Index No. 604022/07

        PLAINTIFF,
                                                  **AFFIDAVIT OF MARTIN
                                                  S. RAPAPORT, ESQ.**
-AGAINST-                                         **IN SUPPORT OF EX PARTE
                                                  APPLICATION FOR THE**
SHYANG HO FOOTWEAR LTD.,                           **ISSUANCE OF
                                                  INTERNATIONAL**
        DEFENDANT.                        **LETTERS ROGATORY**

------------------------------------------------------------x

STATE OF NEW YORK  )
               ) .ss:
NEW YORK COUNTY   )

     MARTIN S. RAPAPORT, being duly sworn deposes and says:

     1. Your Affiant is the attorney for the Plaintiff Fresh To Death, LLC in the above captioned case and makes this Affidavit in support of an Ex Parte motion for the issuance by this Court of International Letters Rogatory and for an order extending the time in which the Plaintiff has to serve the attached summons with notice and verified complaint in this by an additional five (5) months beyond April 6, 2008 which is the date at which the normal 120 day period for the service of the summons with notice and verified complaint under Index No. 604022/07 would expire.

     2. The Plaintiff sues in this case for $329,000.00 in damages arising from breach of contract because the Defendant manufactured and delivered grossly non-conforming footwear which cannot be used to fulfill orders already obtained in the United States market based upon the original samples provided by the Defendant to Plaintiff's sales people. A copy of the summons with notice and verified complaint appear at Exhibit A hereto.

3. The Plaintiff is a New York limited liability company with offices at 530 Seventh Avenue, New York, New York 10018. The Defendant is a corporation formed under the laws of Taiwan, Republic Of China which has its offices at 741 Shuangwun Road, Dali City, Taichung County 42, Taiwan, Republic Of China.

4. Because the Defendant has done business in various places in the United States over the past decade and continues to actively solicit orders, the Plaintiff and your Affiant believed when this law suit was started in December, 2007, that an officer or director of Defendant might be served either in New York City, Boston, Atlanta or in California. Efforts to effect service upon an officer or director of Defendant over the past six weeks have not, unfortunately, been successful. Therefore, the Plaintiff believes it necessary to now effect service of the pleadings upon the Defendant in Taiwan.

5. Your Affiant, after recourse to the New York Lawyers Diary and Manual, consulted with two different international process servers and learned that service of process upon a company in Taiwan is a much more complicated and drawn out process than arranging for service in another state.

6. Your Affiant has been advised that it is necessary to obtain firstly Letters Rogatory from a Justice of this Court in New York requesting the good offices of a Taiwanese court to direct local service. These Letters Rogatory are then sent to the United States Department Of State for checking and the United States Department Of State sends them on to the American Representative in Teipei. The summons with notice and verified complaint and Letters Rogatory must then be translated into Mandarin as all legal documents in Taiwan must be in Chinese to have official status. Then the Letters Rogatory, summons with notice and verified complaint are delivered to the Taiwanese Foreign Ministry which sends them to a Taiwanese judge. The

Taiwanese judge then makes an Order directing a bailiff to serve the summons with notice and verified complaint upon the Defendant. We are advised that the time it takes to accomplish this "Official Service" and receive back in New York an affidavit of service for filing with this Court is four to six months.

7. Your Affiant therefore firstly respectfully asks this Court to sign the Letters Rogatory attached at Exhibit B so that your Affiant may begin the process of making official service upon the Defendant. The form of this Letters Rogatory is that which your Affiant's international process server assures your Affiant is the standard form which the United States Department Of State and the Taiwanese Foreign Ministry are accustomed to process.

8. Your Affiant secondly respectfully asks this Court to grant the Plaintiff in this case an extension of the time in which the summons with notice and verified complaint may be served upon the Defendant. Pursuant to CPLR §306-b service must normally be made within 120 days after the filing of the summons and complaint. However the Court, "upon good cause shown or in the interest of justice" may extend the time for service. It is submitted that the unusual length of time and complexity in the steps required to effect service upon Defendant warrants the extension of time in this case. Without such an extension, the Plaintiff would never be able to meet official service requirements. No Previous Application Has Been Made To This or Any Other Court For The Relief Sought Herein.   MsR

WHEREFORE, it is respectfully requested that an order be made:

A) Granting Letters Rogatory to the Plaintiff in the form attached hereto allowing Plaintiff to apply to a Court of The Republic Of China for service upon the Defendant Shyang Ho Footwear Ltd.;

B) Extending the time, pursuant to CPLR §306-b, for service of the summons with notice and verified complaint in this case for five (5) months beyond April 6, 2008 so that official service of process can be effected.

Sworn to before me this 8th day

of February, 2008

Notary Public, State Of New York

RUTH WEINSTEIN
NOTARY PUBLIC, State of New York
No. 31-4611624
Qualified in Westchester County
Commission Expires February 28, 1998 2010

Martin S. Rapaport

Judge Berman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 5147

-------------------------------------------------------------------x

FRESH TO DEATH, LLC,

                                    Plaintiff,

            - against -

SHYANG HO FOOTWEAR LTD.,

                                    Defendant.

-------------------------------------------------------------------x

Civil Action No.

NOTICE OF FILING
NOTICE OF REMOVAL

RECEIVED
JUN 04 2008
U.S.D.C. S.D.N.Y.
CASHIERS

PLEASE TAKE NOTICE that on the 4th day of June, 2008, Defendant Shyang Ho

Footwear Ltd., in the above entitled action, originally pending in the Supreme Court of the State

of New York, County of New York, Index No. 07/604022, filed a Notice of Removal with the

clerk of court for the United States District Court for the Southern District of New York.

Dated: New York, New York
       June 4, 2008

                            FENSTERSTOCK & PARTNERS LLP

                    By:    _____
                            Blair C. Fensterstock (BF-2020)

                            30 Wall Street
                            New York, New York 10005
                            (212) 785-4100

                            *Attorneys for Defendant*
                            *Shyang Ho Footwear Co, LTD*